# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASMINE PATE**, | CIVIL ACTION NO.: |
| Plaintiff, | |
| VERSUS | District Judge: |
| ACE AMERICAN INSURANCE COMPANY; EVANS DELIVERY COMPANY, INC.; AND NAVIAN ESPINOSA FERNANDEZ, | Magistrate Judge: |
| Defendants. | JURY DEMANDED |

## NOTICE OF REMOVAL

**NOW INTO COURT**, by and through undersigned counsel, come Defendants, Evans Delivery Company, Inc. ("Evans Delivery") and ACE American Insurance Company ("ACE") (hereinafter referred to as "Defendants"), who pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby file this Notice of Removal of the matter entitled *Jasmine Pate v. Ace American Insurance Company, et al*, Case No. C-77690, Division C, on the docket in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana ("40th JDC"), to this Honorable Court.  In support of their Notice of Removal, Defendants respectfully represent:

## FACTUAL AND LEGAL BASES FOR REMOVAL

1.  This removal action is brought before the Court pursuant to diversity jurisdiction because the parties are diverse in their respective citizenships and the amount in controversy exceeds the $75,000 minimum amount for the Court to exercise its diversity jurisdiction.

2. 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."[1]

3. 28 U.S.C. § 1441(a) provides that "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[2]

4. This matter is currently pending in 40th JDC, and thus, venue for removal is proper in this District pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

5. Jasmine Pate (the "Plaintiff" or "Ms. Pate") commenced the captioned action by filing a Petition for Damages (the "Petition") in the 40th JDC on or about March 17, 2022.[3] In her Petition, Plaintiff named ACE American Insurance Company ("ACE"), Evans Delivery Company, Inc. ("Evans Delivery"), and Navian Espinosa Fernandez ("Mr. Fernandez") as defendants.[4]

6. In her Petition, Plaintiff requested service on ACE through the State of Louisiana Secretary of State and on Evans Delivery through its registered agent for service.[5] Evans Delivery was served with the Petition and Citation through its registered agent for service on March 21, 2022.[6] ACE was served with the Petition and Citation through the State of Louisiana Secretary of State by certified mail on March 28, 2022.[7]

---

[1] 28 U.S.C. § 1332(a).
[2] 28 U.S.C. § 1441.
[3] *See* Plaintiff's Petition, attached hereto as "Exhibit A."
[4] *Id.* at p. 1, ¶ I.
[5] *Id.* at p. 5.
[6] *See* Letter regarding service of process on Evans Delivery from William P. Adams, Registered Agent for Evans Delivery, to Matt J. Bates, attached as "Exhibit B."
[7] *See* Service of Process Transmittal for ACE, attached as "Exhibit C."

7. In her Petition, Plaintiff also requested service on Mr. Fernandez under the Louisiana Long Arm Statute.[8] To date, Mr. Fernandez has not been served with the Petition and Citation and has not appeared herein. Since Mr. Fernandez has not been served, his consent is not necessary for this removal.[9] However, undersigned counsel has been retained to represent Mr. Fernandez and Mr. Fernandez will consent to removal upon receipt of service of the Petition.

8. Defendants will attach the entire state court record to the Listing pursuant to 28 U.S.C. § 1447(b) (the "Listing").

9. In her Petition, Plaintiff asserts that she is "a person of the full age of majority domiciled in the Parish of St. John the Baptist, State of Louisiana," who suffered injuries and damages on or about March 17, 2021, as a result of a motor vehicle accident.[10] Accordingly, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

10. In her Petition, Plaintiff asserts that ACE is "a foreign insured authorized to do and doing business in the Parish of St. John the Baptist, State of Louisiana . . . ."[11] Defendants aver that ACE is in fact incorporated in the State of Pennsylvania and has its principal place of business in the State of Pennsylvania.[12] Accordingly, ACE is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction.

11. In her Petition, Plaintiff asserts that Evans Delivery is "a foreign corporation authorized to do and doing business in the Parish of St. John the Baptist, State of Louisiana . . . ."[13] Defendants aver that Evans Delivery is in fact incorporated in the State of Pennsylvania and

---

[8] Exhibit A, at p. 5.
[9] 28 U.S.C. § 1446 (b)(2)(A).
[10] Exhibit A, at ¶¶ I and II.
[11] Exhibit A, at ¶ I (A).
[12] *See* Report from Pennsylvania Secretary of State's website, attached as "Exhibit D."
[13] Exhibit A at ¶ I (B).

has its principal place of business in the State of Pennsylvania.[14]  Accordingly, Evans Delivery is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction.

12. In her Petition, Plaintiff further asserts that co-defendant Navian Espinosa Fernandez ("Mr. Fernandez") is a "person of the full age of majority domiciled in the County of Harris, State of Texas . . . ."[15]  Upon information and belief, Mr. Fernandez, who has not been served and has not appeared herein, is a resident and domiciliary of League City, Texas. Accordingly, Mr. Fernandez is a citizen of the State of Texas for purposes of diversity jurisdiction.

13. In her Petition, Plaintiff asserts that on or about March 17, 2021, the tractor-trailer driven by Mr. Fernandez "suddenly and without warning" rear-ended Plaintiff's vehicle in St. John the Baptist Parish, Louisiana (the "Incident").[16]

14. As a result of the Incident, Plaintiff claims to have suffered "severe physical and mental personal injuries."[17]  Significantly, Ms. Pate's claimed physical and mental injuries include "injuries to her head, neck, chest, sternum, left shoulder, right upper extremity, back, sacroiliac joints, and hips, as well as headaches, anxiety, fatigue, and sleep disturbances."[18]

15. Plaintiff does not seek a determinate amount of damages in her Petition.  Rather, Plaintiff simply claims that she is entitled to a list of "special and general damages" as a result of the Incident, including (1) hospital, medical and drug expenses, past and future; (2) physical and mental pain and suffering, past and future; (3) impairment of earning capacity/lost wages; (4) loss of enjoyment of life; and (5) permanent disability, the value of which "exceed[s] the jurisdictional amount required for a jury trial in this matter."[19]

---

[14]  *See* Report from Pennsylvania Secretary of State's website, attached as "Exhibit E."
[15]  Exhibit A, at ¶ I (C).
[16]  *Id*. at ¶¶ II – V.
[17]  *Id*. at ¶ VI.
[18]  *Id*. at ¶ XI.
[19]  *Id*. at ¶ XII.

16. This matter is not removable on the face of the Petition because Plaintiff failed to include an allegation to establish or defeat federal court jurisdiction pursuant to Louisiana Code of Civil Procedure article 893(A)(1). Namely, the Petition does not indicate whether Plaintiff seeks damages above or below the $75,000 amount in dispute required to establish federal court jurisdiction.

17. On June 3, 2022, Defendants became aware that this matter is or had become removable when Defendants received Plaintiff's discovery responses.

18. According to Plaintiff's discovery responses and medical treatment records produced therewith, Ms. Pate has sustained injuries to her head, neck, chest, sternum, left shoulder, right upper extremity, upper back, low back, sacroiliac joints, and hips as a result of the Incident that gives rise to this action.[20] In fact, Plaintiff's medical records document that Ms. Pate was diagnosed with over twenty-seven (27) injuries as a result of the subject Incident, including a thoracic disc herniation, lumbar disc bulge at L4-L5, and lumbosacral disc bulge at L5-S1.[21] Ms. Pate has already undergone MRI scans of the cervical, lumbar, and thoracic spine, as well as three (3) sets of facet joint injections for pain related to her herniated and bulging discs.[22]

19. According to Plaintiff's Answer to Interrogatory No. 17, Plaintiff has already incurred $28,864.13 in medical expenses as of June 3, 2022.[23] Plaintiff claims this amount is simply her "incomplete total [past] medical specials" because she has not received every bill for medical treatment she has received to date.[24] Namely, Plaintiff claims to have not have received

---

[20] *See* Plaintiff's Answers to Interrogatories and Requests for Production of Documents, attached hereto as "Exhibit F," at PATE000036-000037.
[21] *Id.* at PATE000036-000037; PATE000040.
[22] *Id.* at PATE000019.
[23] *Id.* at PATE000019-000020.
[24] *Id.*

5

any medical bills for the emergency medical treatment she received on the date of the subject Incident, nor for her treatment with a cardiologist after the accident.[25]

20. Furthermore, according to Plaintiff's Answer to Interrogatory No. 17, Plaintiff's injuries are unresolved. She "has not reached maximum medical improvement" and "remains under active medical treatment" as of June 3, 2022.[26] In fact, the medical records provided with Plaintiff's discovery responses indicate that Plaintiff has been referred for consultations with neurology, orthopaedic, and pain management specialists and recommended to undergo a brain MRI.[27] As such, Plaintiff's medical expenses will continue to increase for the foreseeable future as she continues to treat.

21. Plaintiff's Answer to Interrogatory No. 17 establishes that Plaintiff is *also* seeking general damages for "loss of earnings, past and future/ impairment of earning capacity; physical and mental pain and suffering, past and future; permanent disability; and loss of enjoyment of life" in addition to her medical specials currently valued at $28,864.13."[28]

22. While Defendants deny any liability for the damages sought herein, Defendants respectfully submit that Plaintiff's discovery responses, and records produced therewith, evidence that Plaintiff's claims likely meet or exceed the $75,000 jurisdictional minimum amount in controversy, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).

---

[25] *Id*.
[26] *Id*. at PATE000018.
[27] *Id*. at PATE000041.
[28] *Id*. at PATE000020.

6

**DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

23. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

24. Complete diversity of citizenship exists between Plaintiff and Defendants on the date of the filing of this lawsuit and as exists on the date of this removal. Plaintiff is a citizen of Louisiana.[29] Defendant ACE, a corporation, is a citizen of Pennsylvania. Defendant Evans Delivery, a corporation, is a citizen of Pennsylvania. Defendant Mr. Fernandez is a citizen of Texas.

25. Furthermore, Defendants have met their burden of establishing that this matter involves an amount in controversy exceeding $75,000. Louisiana state law generally disallows any reference to monetary damages in a Petition asserting tort claims.[30] However, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount *is required*."[31]

26. Where the amount of damages is not stated with specificity, the removing defendants are required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[32]

27. The removing defendants can satisfy this burden in one of two ways: (1) by establishing that it is "facially apparent" from the complaint that the claims likely exceed $75,000,

---

[29] *See* Exhibit A, at p.1, ¶ I.
[30] *See* La. Code Civ. Proc. art. 893(A)(1).
[31] *Id*. (emphasis added).
[32] *Simon v. Wal-Mart Stores*, 193 F. 3d 848, 850 (5th Cir. 1999); *see also Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995).

or (2) by presenting "summary judgment-type" evidence through the removal petition or accompanying affidavit showing the amount in controversy is met.[33]

28. Under the Fifth Circuit's jurisprudence, it is well-settled that responses to discovery requests are "summary-judgment-type evidence," and may be considered when calculating the amount in controversy. [34]

29. Here, the $75,000 amount in controversy is not "facially apparent" from the face of Plaintiff's petition because she did not expressly plead an amount of money damages sought, nor did she comply with Article 893(A)(1) of the Louisiana Code of Civil Procedure. However, the information provided in Plaintiff's discovery responses supports a finding that Plaintiff's claims will likely exceed $75,000.[35]

30. Plaintiff has not stipulated that her claims do not exceed $75,000.[36]

31. As a result of the foregoing, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and Defendants are entitled to remove this matter to federal court pursuant to 28 U.S.C. § 1441.

## TIMELINESS AND REMOVAL PROCEDURE

32. Removal of this matter is timely pursuant to 28 U.S.C. § 1446(b). Under § 1446(b), the notice of removal must be filed within thirty days after defendant's receipt of the initial

---

[33] *See Lafayette Cit-Parish Conso. Gov't. Chain Elec. Co.*, 2011 WL 4499589, *6 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F. 3d 672, 675 (5th Cir. 2003)); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999); and *Allen*, 63 F. 3d at 1335.
[34] *See McCord v. ASI Lloyds/ASI Underwriters*, CIV.A. 13-126, 2013 WL 1196671, at *3 (E.D. La. Mar. 22, 2013) (citing *White v. FCI USA, Inc.,* 319 F.3d 672, 675–76 (5th Cir. 2003) (finding that the amount in controversy requirement was met after considering plaintiff's response to interrogatories itemizing her damages)); *see also Cutrer v. Scottsdale Ins. Co.,* No. 08–1658, 2009 WL 2448047, at *5 (E.D. La. Aug. 6, 2009) (relying on plaintiff's response to discovery requests when determining that the amount in controversy likely exceeded $75,000).
[35] *See Simon v. Wal-Mart Stores*, 193 F. 3d at 850.
[36] *See* La. Code Civ. Proc. art. 893(A)(1).

pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the jurisdictional amount of the federal court."[37]

33. When the case is not removable based on the face of the initial pleading, the notice of removal may be filed within thirty days after the defendant receives "a copy of . . . [an] *other paper*" from which it can be ascertained that the case has become removeable.[38] The defendant must receive the initial pleading before receiving the "other paper" if the "other paper" is to start the thirty-day time period.[39]

34. The Fifth Circuit has held that discovery responses qualify as "other paper" for purposes of removal.[40]

35. This matter is not removable based on the face of Plaintiff's Petition. The Petition does not "affirmatively reveal" that Plaintiff is seeking damages in excess of $75,000. In fact, she failed to plead any specific amount of money damages sought.[41] As a result, this matter was not removable when Evans Delivery received a copy of the Petition on March 21, 2022, or when ACE received it on March 28, 2022.

36. On June 3, 2022, Defendants received Plaintiff's discovery responses, which constitute the "other paper" from which Defendants first ascertained that the case is or had become removeable.[42]

37. Plaintiff's discovery responses make it evident that Plaintiff's claims will likely exceed $75,000. In her discovery responses, Plaintiff represented that she has incurred approximately $28,864.13 in medical expenses and has yet to receive complete medical bills for

---

[37] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *see also* 28 U.S.C. § 1446(b).
[38] *See* 28 U.S.C. § 1446(b) (*emphasis added*).
[39] *See Chapman*, 969 F.2d at 164.
[40] *Id*.
[41] *See* Exhibit A.
[42] *See* 28 U.S.C. § 1446(b); *see also* email correspondence from plaintiff's counsel dated June 3, 2022, attached as "Exhibit G."

9

medical treatment received to date.[43] Additionally, Plaintiff's discovery responses indicate that Ms. Pate's injuries allegedly caused by this Incident have not resolved because she is still treating and has been recommended for future medical treatment.[44]

38. This removal is being filed within the thirty days of Defendants' June 3, 2022, receipt of Plaintiff's discovery responses.

39. A copy of this Notice of Removal is being served upon Plaintiff through her counsel of record. A copy of the Notice to the Clerk of Court for the 40th JDC, which will be filed in that court, is also attached hereto.

40. In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all Defendants properly joined and served" have consented in the removal of this action.

41. Defendants will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

42. Defendants reserve and maintain their right to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendants, Evans Delivery Company, Inc., and ACE American Insurance Company, hereby provide notice to the United States District Court for the Eastern District of Louisiana this action has been duly removed.

---

[43] *See* Exhibit F, at PATE000019-000020.
[44] *Id.*

Respectfully submitted:

*/s/ Robert L. Bonnaffons*

**ROBERT L. BONNAFFONS (#18564)**
**LOUIS P. BONNAFFONS (#21488)**
**MELISSA RAMSEY (#39308)**
Leake & Andersson, L.L.P.
1700 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
Email: rbonnaffons@leakeandersson.com
       lbonnaffons@leakeandersson.com
       mramsey@leakeandersson.com
*Attorneys for Defendants, Evans Delivery Company, Inc., and ACE American Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served upon counsel for all parties of this proceeding by hand, facsimile, electronic mail, or by mailing the same to each by First Class U.S. Mail, properly addressed and postage prepaid on this 30th day of June, 2022.

       */s/ Robert L. Bonnaffons*
       **ROBERT L. BONNAFFONS**