UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASMINE PATE | CIVIL ACTION |
| VERSUS | No. 22-2004 |
| ACE AMERICAN INSURANCE COMPANY ET AL | SECTION I |

### ORDER & REASONS

Before the Court is plaintiff Jasmine Pate's ("Pate") motion[1] to remand the above-captioned matter to the 40th Judicial District Court for the Parish of St. John the Baptist. Defendants ACE American Insurance Company ("ACE") and Evans Delivery Company ("Evans Delivery") oppose[2] the motion.[3] For the reasons that follow, the Court denies the motion to remand.

### I. BACKGROUND

Pate filed this case in state court, alleging that on March 17, 2021, her vehicle was involved in a collision with a truck allegedly negligently operated by Navian Espinoza Fernandez ("Fernandez").[4] She alleges that Fernandez was acting within

---

[1] R. Doc. No. 8.

[2] R. Doc. No. 9.

[3] A third named defendant, Navian Espinosa Fernandez ("Fernandez"), has not been served with Pate's initial petition. R. Doc. No. 1., ¶ 7. Counsel for ACE and Evans have nevertheless agreed to represent Fernandez. Because he has not been served, Fernandez's consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A).

[4] R. Doc. No. 1-1, at 2.

the scope of his employment with Evans Delivery[5] and that Evans Delivery and Fernandez were insured by ACE at the time of the accident.[6] Pate's petition states that, as a result of the accident, she "sustained serious injuries to her head, neck, chest, sternum, left shoulder, right upper extremity, back, sacroiliac joints, and hips, as well as headaches, anxiety, fatigue, and sleep disturbances."[7] Pate claimed damages for past and future medical expenses, past and future pain and suffering, impairment of earning capacity and lost wages, loss of enjoyment of life, permanent disability, and other "damages which will be shown at the time of trial."[8]

The case proceeded to the discovery phase in state court. In response to defendants' interrogatory about the valuation of her injuries, Pate responded that she "has not reached maximum medical improvement" and "remains under active medical treatment."[9] She stated that her "incomplete total medical specials" amounted to $28,864.13.[10] The medical expenses listed included treatment by a chiropractor, two diagnostic radiology providers, an "interventional pain management" practitioner, and a neurologist.[11] Four providers—an ambulance service, two emergency treatment providers, and a cardiology provider—were also included, but costs were marked as "unavailable" and therefore not included in the

---

[5] *Id.*
[6] *Id.* at 1.
[7] *Id.* at 3.
[8] *Id.* at 4.
[9] R. Doc. No. 1-6, at 18.
[10] *Id.* at 20.
[11] *Id.* at 19–20.

$28,864.13 figure.[12] The medical expenses were accompanied by a statement that "Pate maintains health insurance coverage through a Medicaid plan, and some if not all of her medical expenses will therefore be subject to reduction."[13] In response to the defendants' interrogatory about the value of her lost wages claim, Pate responded that she "was a full time student, did not work, and did not file federal or state income tax returns for any of the last five years" and that she planned to retain expert witnesses to testify on the value of her claims for lost wages and earning capacity.[14]

After receiving Pate's interrogatory responses, defendants removed the case to federal court, alleging that the parties are completely diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity is satisfied.[15] The parties do dispute whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Pate argues that, because her medical bills will be reduced by Medicaid benefits, there "is no reliable evidence of the bills' actual recoverable value."[16] She further notes that defendants "did not present any evidence actually quantifying" the

---

[12] *Id.*
[13] *Id.* at 18.
[14] *Id.* at 20–21.
[15] R. Doc. No. 8-1, at 1–2. Pate resides in and is a citizen of Louisiana. R. Doc. No. 1, ¶ 9. ACE is incorporated and has its principal place of business in Pennsylvania and is therefore a citizen of that state for diversity jurisdiction purposes. *Id.* ¶ 10. Evans Delivery is incorporated and has its principal place of business in Pennsylvania and therefore is also a citizen of that state for diversity jurisdiction purposes. *Id.* ¶ 11. The parties state that Fernandez is a resident of Texas. *Id.* ¶ 12.
[16] R. Doc. No. 8-1, at 5.

3

value of Pate's pain and suffering, disability, and other claims.[17] Defendants respond that they are not required to establish that the "actual recoverable value" of Pate's claims exceeds $75,000, but rather must show only that her claims "likely" exceed that amount.[18]

## II. STANDARD OF LAW

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity" because "the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The party seeking the federal forum bears the burden of establishing the prerequisites of diversity jurisdiction. *Pershing, LLC v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because "removal jurisdiction raises significant federalism concerns," doubts as to whether removal is proper are resolved in favor of remand. *Willy v. Coastal Corp.*, 855 F.3d 1160, 1164 (5th Cir. 1988).

Notices of removal must generally be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). If the initial

---

[17] *Id.*
[18] R. Doc. No. 9, at 4.

4

pleading does not show that the case is removable, a notice of removal may be filed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is" removable. *Id.* § 1446(b)(2)(3). The Fifth Circuit has held that interrogatory responses like those at issue here are "other paper" that may establish removability. *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed. App'x 437, 440 (5th Cir. 2011).

Louisiana law does not allow plaintiffs to state the specific monetary value they seek to recover on their petitions. La. Code Civ. Proc. art. 893. The Fifth Circuit has therefore provided a "framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). The party seeking removal "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "The jurisdictional facts that support removal must be judged at the time of the removal" and "subsequent events that reduce the amount in controversy" below the jurisdictional minimum "do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883. If the removing party meets its burden, the party opposing removal can defeat federal jurisdiction only by "showing to a 'legal

5

certainty' that value of the claims does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

### III. ANALYSIS

The parties' only dispute is whether the amount in controversy requirement is satisfied. Neither party asserts that Pate's petition was removable on its face.[19] Instead, they dispute whether Pate's interrogatory responses, which constitute "summary judgment type evidence," establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

As discussed above, Pate's interrogatory responses indicate incomplete medical costs totaling $28,864.13. Pate emphasizes that she expects these costs to be reduced to an unspecified degree by her Medicaid coverage,[20] while defendants emphasize that Pate did not include all relevant medical costs in the $28,864.13 figure, is still undergoing medical treatment, and is also seeking damages for permanent disability, lost wages, and earning capacity, among others.[21]

---

[19] In assessing whether a petition was removable on its face, this Court has previously stated that the types of damages claimed by Pate, when not accompanied by further factual allegations, "simply provide the usual and customary damages set forth by personal injury plaintiffs and do not provide the Court with any guidance as to the actual monetary damages" that the plaintiff will incur. *Gallin v. Tyson Foods, Inc.*, No. 19-10070, 2019 WL 2611126, at *3 (E.D. La. June 26, 2019) (Africk, J.) (quoting *Gallin v. Tyson Foods, Inc.*, No. 18-10134, R. Doc. No. 17, at 8 (E.D. La. Jan. 23, 2019) (Africk, J.)) (alterations and further citations omitted). *See also Cain v. James River Ins. Co.*, No. 18-8171, 2018 WL 4561448, at *3 (E.D. La. Sept. 24, 2018) (Africk, J.) (quoting *Maze v. Protective Ins. Co.*, No. 16-15424, 2017 WL 164420, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.)).

[20] R. Doc. No. 8, at 1.

[21] R. Doc. No. 9, at 4–5.

On this evidence, the Court concludes that the amount in controversy likely exceeds $75,000, exclusive of interest and costs. Though Pate's current medical costs, as stated in her responses to defendants' interrogatories, fall below the jurisdictional amount, her discovery responses indicate that her ultimate medical costs will be far higher than $28,864.13. Pate stated that she "remains under active treatment" with a pain management practitioner who, as of the date of the interrogatories, had administered three facet joint injections at a total cost of $16,101.88.[22] She also reported "incomplete and ongoing" treatment at a chiropractic clinic at a current cost of $10,015.00 over nine months.[23] The interrogatory responses further did not account for the cost of her cardiology or emergency care.[24]

Both parties cite *Anderson v. Pep Boys-Manny, Moe and Jack, Inc.* in support of their arguments. Unlike the plaintiff in that case, who stated in a deposition that she did not plan to undergo a surgery recommended by her doctor, here Pate has specifically stated that she remains in ongoing treatment with multiple providers and does not yet know the cost of some treatments she has already received. *Anderson v. Pep Boys-Manny, Moe, and Jack, Inc.*, No. 08–3861, 2009 WL 1269069, at *1 (E.D. La. May 6, 2009) (Engelhardt, J.). Pate's discovery responses therefore tend to increase rather than minimize the likely value of her claim. *Id.*

The fact that Pate seeks damages for permanent disability, lost wages and earning capacity, and pain and suffering, among other damages, further indicates

---

[22] R. Doc. No. 1-6, at 19.
[23] *Id.*
[24] *Id.*

that the amount in controversy likely exceeds $75,000. Though Pate "was a full time student, did not work, and did not file federal or state income tax returns"[25] for the five years prior to her injuries, she seeks damages for both permanent disability and lost earning capacity.[26] Combined with the evidence of her medical costs, the request for these damages sufficiently "support[s] a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

Defendants have demonstrated that it is likely that the amount in controversy exceeds $75,000, exclusive of interest and costs. Pate may therefore defeat diversity jurisdiction only by showing "to a legal certainty" that she cannot recover more than $75,000. *Grant*, 309 F.3d at 869. She has not done so. The only evidence Pate offers that tends to reduce the amount in controversy is her statement that she expects "some if not all of her medical expenses" to be reduced—to an unspecified degree—by her Medicaid coverage.[27] Further, she has not stipulated that she does not seek damages exceeding $75,000. *See Bryant v. Rosser*, No. 13-6125, 2014 WL 379147, at *4 (E.D. La. Feb. 3, 2014) (Vance, J.) (considering plaintiffs' stipulation "that they do not seek more than $75,0000" in determining that the amount in controversy did not meet the jurisdictional requirement).

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**

---

[25] *Id.* at 20.
[26] R. Doc. No. 1-1, at 4.
[27] R. Doc. No. 1-6, at 18.

New Orleans, Louisiana, August 26, 2022.

                                    **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**