UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JASMINE PATE | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 22-2004 |
| ACE AMERICAN INSURANCE COMPANY, ET AL. | * | SECTION "I" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Jasmine Pace's Motion to Compel. ECF No. 17. Defendants ACE American Insurance Company and Evans Delivery Company, Inc. timely filed an Opposition Memorandum. ECF No. 20. Plaintiff sought leave and filed a Reply Memorandum. ECF Nos. 23-25. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

**I.      BACKGROUND**

Plaintiff Jasmine Pate filed this personal injury lawsuit in state court on March 17, 2022, against ACE American Insurance Company ("ACE"), Evans Delivery Company, Inc. ("Evans") and Navian Fernandez seeking damages related to a March 17, 2021 vehicle accident involving a tractor-trailer driven by Fernandez, which allegedly rear-ended Plaintiff's vehicle. ECF No. 1-1 ¶¶ I-V. Defendants ACE and Evans removed the case on June 30, 2022. ECF No. 1. Plaintiff filed a Motion to Remand, which Judge Africk denied on August 26, 2022. ECF Nos. 8, 10.

In response to the Call Docket notice (ECF No. 11), Plaintiff requested summons be issued and she served Defendant Fernandez. ECF Nos. 12-16. Defendant Fernandez answered on November 11, 2022, and a Scheduling Conference is now set for December 8, 2022. ECF No. 22.

1

On November 1, 2022, Plaintiff filed this Motion to Compel, seeking to compel ACE and Evans to respond to discovery issued on September 14, 2022.  ECF No. 17.  On October 13, 2022, Defendants' counsel notified Plaintiff's counsel that responses were drafted but they needed to confer with their clients, so defense counsel asked for an extension until October 21, 2022, and later through October 31, 2022, to respond.  When Defendants failed to respond by October 31st, Plaintiff filed this Motion to Compel, seeking responses and fees and costs incurred in filing the motion.  ECF No. 17 ¶¶ 1-6; No. 17-2 at 1-2.

Defendants filed an Opposition Memorandum in which they argue that Plaintiff's discovery requests are premature because the parties had neither held nor agreed to waive the required Rule 26(f) conference.  ECF No. 20, at 2.  Defendants further state that they provided responses on November 7, 2022, which included production of documents and a privilege log.  *Id.*  Although Defendants confirmed Plaintiff's receipt of the responses, Plaintiff refused to withdraw this motion until Defendants agreed to supplement their earlier responses.  *Id.*  Defendants argue that the motion to compel and request for fees should be denied because discovery was issued and the motion to compel was filed before the Rule 26(f) and/or Rule 16 conferences.  *Id.* at 3.

In Reply, Plaintiff does not address any of the arguments raised by Defendants.  Instead, she takes issue with one document identified on Defendants' privilege log, specifically the First Report of New Loss by Evans Loss Control Department.  ECF Nos. 25, at 1.  Plaintiff argues that the document is an ordinary business record, not protected by work product as asserted in Defendants' privilege log, and therefore asks that this Court compel production of same.  *Id.* at 2; *see also* ECF No. 25-1, at 1.

## II.    LAW AND ANALYSIS

Rule 37(a)(1) of the Federal Rules of Civil Procedure authorizes the filing of a Motion to Compel Discovery and provides, in pertinent part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

> (1) how the required conference was scheduled,
> (2) who participated in the conference,
> (3) the date and time of the conference,
> (4) whether the conference was conducted by phone or in person,
> (5) the duration of the conference,
> (6) the specific topics that were addressed at the conference, and
> (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[1]

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[2]  The failure to engage in the required meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny the motion.[3]  Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[4]

Moreover, Rule 26(d)(1) precludes a party from seeking discovery until the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures, when

---

[1] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited November 16, 2022).
[2] *Id.*
[3] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc.*, No. 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).
[4] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

otherwise authorized by the rules, by stipulation, or by court order.  The requirement for a Rule 26(f) conference is not a mere technicality.[5]  This case is not exempt from Rule 26(f).  A stipulation is an agreement between counsel respecting a matter before the court.  Rule 29 authorizes stipulations related to discovery, but the Fifth Circuit has interpreted this rule to require a written stipulation.[6]  Only after the defendants have appeared and the parties have held the required Rule 26(f) conference may discovery commence.[7]  When the parties fail to hold a Rule 26(f) conference, the court may deem discovery to begin after the Rule 16 conference.[8]  Regardless, when a party serves an early Rule 34 request, that request is considered served on the date of the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(2)(B).

In this case, the parties neither held nor stipulated to waive the Rule 26(f) conference.  Further, the Rule 16 Scheduling Conference was not scheduled until after Plaintiff filed this motion, and the conference is not set to occur until December 8, 2022.  Thus, Plaintiff's discovery requests are premature.  Plaintiff's Requests for Production will be considered properly served as of the date of the Rule 26(f) conference, and the response period will begin to run on that date.  Fed. R. Civ. P. 26(d)(2)(B).

At this point, Defendants' deadline to respond to Plaintiff's discovery requests has not yet expired.  Further, Plaintiff's Motion to Compel did not address, identify or brief the issue regarding the First Report of Loss.  That issue is not properly raised for the first time via a Reply

---

[5] *See, e.g., Chevron USA, Inc.  v. Peuler*, No. 02-2982, 2003 WL 139164 (E.D. La. Jan. 15, 2003) (Barbier, J.) and *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735 (E.D. La. Mar. 17,  2015) (Roby, J.).

[6] *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *see also Riley v. Walgreen Co*., 233 F.R.D. 496, 500 (S.D. Tex. 2005) (citing FED. R. CIV. P. 29) (Rule 29 stipulation "need not take any particular form, so long as they are in writing."); *Pescia v. Auburn Ford-Lincoln Mercury Inc*., 177 F.R.D. 509, 510 (M.D. Ala. 1997) (refusing to enforce oral agreement regarding deposition in the absence of written stipulation).

[7] *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735, at *1 (E.D. La. Mar. 7, 2015) (citing FED. R. CIV. P. 26(d)(1)).

[8] *Bo-Mac Contractors, Ltd. v. Daigle Towing Serv., L.L.C*., No. 19-11792, 2020 WL 1812796, at *3 (E.D. La. Apr. 9, 2020) (citation omitted).

Memorandum.  Should Defendants fail to respond fully and completely as required within the 30-day period following the Rule 26(f) conference (or in its absence, the Rule 16 conference), Plaintiff may then file a motion to compel pursuant to Fed. R. Civ. P. 37.  Of course, Plaintiff must first conduct the good faith meet-and-confer required by Fed. R. Civ. P. 37(a)(1), and attach copies of the discovery at issue, specifying the specific alleged deficiencies for the court's consideration.

### III. CONCLUSION

Setting aside the absence of the required Rule 37 certification, the failure either to hold the Rule 26(f) conference or to stipulate to waive it renders Plaintiff's discovery requests premature.  As Defendants' responses are not yet due, Plaintiff's Motion to Compel is consequently premature.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 17) is DENIED.

New Orleans, Louisiana, this 16th day of November, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE